Thank you, Your Honor. May it please the Court, my name is Megan Hopper-Rabeja. I am here on behalf of Petitioner Appellant Michael McLaughlin. I would like to reserve two minutes for rebuttal. All right, I'll try to help you out, but keep an eye on the clock as well. Okay, thank you, Your Honor. Mr. McLaughlin's trial counsel was ineffective for failing to investigate and present a viable voluntary intoxication defense to negate the specific intent elements of the crimes for which he was charged. Trial counsel's failure was egregious given that he knew Mr. McLaughlin's history with drug abuse, including his history with methamphetamine. He had Mr. McLaughlin's medical records, which included two prior incidences of meth-induced psychosis, and he heard evidence regarding Mr. McLaughlin's state during the time of the event. The issue is what evidence we can consider, because the Supreme Court's decision in Shin v. Ramirez seems to say that we can't consider all the additional evidence that was collected and presented in federal court or that was presented on the second post-conviction in state court and rejected as procedurally barred. Your Honor, this court's prior decision already complies with Ramirez. The court found that Mr. McLaughlin was diligent under E-2 such that federal courts could consider the merits of the case. So, a failure under Shin is a failure to properly develop the claim, and that's exactly what the state court said. You didn't properly present that evidence, and therefore, there's a failure for purposes of Shin, and therefore, you have to meet the E-2 standard, which you can't meet. So, that seems to say that evidence is out. Tell me why you think what I just said is wrong. Sure, Your Honor. The Ramirez decision did not address or advise the elements of diligence in presenting a claim to state court, and it didn't do that because the petitioners in Ramirez admittedly did not go back to state court at any time to present their evidence. Here, Mr. McLaughlin went back to state court, presented all of his new evidence, the same evidence that was presented to the federal court. There's an entire discussion. I mean, it's Section 3A1 of the Supreme Court's opinion on 1735 that goes through what failure means, and it walks through the cases, and we're now bound by what they've said a failure means. But, Your Honor, it didn't. Diligence remains what the Supreme Court said in Williams v. Taylor, which means you have to seek an evidence of your hearing in the state court in the manner prescribed by law, which Mr. McLaughlin did. He went back to state court a second time, and he sought an evidence. But the problem is that he also has to comply with state procedural rules, and he didn't do that because he presented the evidence during the second petition instead of the first. But before you completely run out of time, can I ask you to address the prejudice issue? Because we may not need to reach the Shin V. Ramirez issue. The district courts have two opportunities now to consider this issue and found no prejudice each time. So can you address the district court's findings? Yes, Your Honor. Thank you. The specific intent for attempted murder is express malice, which is the deliberate intention to kill. Because Mr. McLaughlin was in a meth-induced psychosis, he could not have this deliberate intent. In Correll, this court credited— But that's just the conclusion, right? That's what he would like to advance, that he was in the midst of a psychosis and was unable to form the specific intent. But the district court explained in some detail why he was capable of forming the intent through his actions, right? As the district court said, it's really based on a theory that McLaughlin suffered from a psychosis that switched on and off coincidentally with those moments that the prosecution needed to prove that McLaughlin was intending to kill people. So he demonstrated a pretty high level of awareness, and he was making and forming judgments immediately after he tried to kill these people. He basically chose the location of the stabbing that demonstrated a certain awareness as well. So the factual findings made by the district court were very specific and really tied to his capability of forming the intent. So tell me where the district court erred in those findings. Yes, Your Honor, and I would respectfully agree with how the findings were presented. Despite Mr. McLaughlin being able to function in small ways, we have to consider the incident as a whole versus sort of small things that happened during the incident. And what we know is Mr. McLaughlin went to the Social Security office. He was asked to sit down and wait for a social worker. He sat down, and he started falling asleep in his chair. The office manager thought that was quite strange. Eventually, the office was cleared for lunch. He got up, and he went to the restroom, and when he came out from the restroom, he came to the front to the entrance of the office. He looked different. His pants were unzipped, and he just started stabbing the first person he saw, who was the office manager. The office manager did not have anything to do with him being denied assistance at any time. He ended up going back into the office after having a confrontation with Stephen Glenn, who was the security guard, who was there on his first day. So, again, not someone Mr. McLaughlin would have seen before. He had the opportunity, when he went back into the office, to go back to the social worker's office, and to the social worker's office, who denied him his claim. But he wasn't in the right state of mind. All he was doing was acting out. He's simply not rational when he's in this state. And this court has credited expert testimony in Correll that founds that methamphetamine intoxication impairs a person's inhibitions and judgment. They are incapable of measuring and understanding the consequences of their actions. More importantly, they are not capable of understanding the wrongfulness of their conduct. We can see in Mr. McLaughlin's hospital records that when he's in this state, when he's in a meth-induced psychosis, he's in a different state. They say that he has a mental dysfunction, which may cause the patient to be a serious hazard to himself or others. He perceives threats that aren't there, and he lashes out uncontrollably. He simply doesn't have control. He tries to hurt other people because he thinks there's threats. He's tried to hurt himself. In the hospital, he thought staff was trying to kill him. He also injured himself by pulling a fully inflated catheter out of his urethra, causing catastrophic damage. He just doesn't have the ability to form this type of intent, which is a very specific intent to kill somebody. But he is just lashing out at perceived threats. If Shin V. Ramirez precludes our consideration of his new evidence, do you lose? Yes, but I don't think Shin V. Ramirez precludes your consideration of this new evidence. This court previously found that Mr. McLaughlin met the E-2 standard of diligence and that he went back to state court and was diligent in presenting his claim. That is now law of the case. If you find that he met the E-2 requirements, what we said is that he didn't trigger the E-2, the obligation to satisfy the E-2 requirements because his diligence meant that he hadn't failed to develop the record. Your Honor, this court found that Mr. McLaughlin did attempt to develop the factual basis of the improved claim by presenting the new evidence to the state court. Right, so that means that is saying that it's not governed by the E-2 standard because E-2 is only triggered if there's a failure to develop the record. And so that was finding by the prior panel that his efforts to develop the factual basis by improperly presenting it on a second petition constitute, didn't constitute a failure. Your Honor. So he can't, in other words, if there was a failure and he has to satisfy one of the showings required by E-2, he can't make those showings by E-2 and we didn't say in the prior case that he could do that. No, but Ramirez only applies to claims subject to E-2 where a petitioner is at fault for the underdevelopment of the state court record. And I would note that Mr. McLaughlin could present his claim in a second petition in state court because Nevada allows for a second presentation of claims in some cases. But the Nevada court said that the evidence wasn't properly presented. It was all available before and therefore wasn't properly presented. And under Michael Williams, that's a failure as reiterated by Shin saying that that's the failure standard. Well, under Williams, Your Honor, the diligence does not depend upon whether a petitioner's efforts to pursue the state claims in state court are successful. So he properly, he did exactly what the Ramirez court asked, which was to go back to state court and present these claims before coming to federal court so that we're giving the state court the first chance to look at the claims. And that's exactly what we did here. And he did have an opportunity. We tried to prove cause and prejudice for the Nevada state court to look at those claims. So your view is that you can just go to state court. It could be the third, fourth petition. They'll look at it and say that's all improper. And then you come back to federal court. E2 doesn't apply. Shin versus Ramirez, you drive a truck through it under that theory. No, Your Honor. I mean, there are, and I see my time is up. We're not trying to get around E2. We're not trying to get around Shin versus Ramirez. And there are other things to stop us from going back to continue to go back to state court. The federal court doesn't have to allow us to go back to state court. But what we did here and what Ramirez was most concerned with is going back and giving a state court the opportunity to look at these claims. That was the basis of Ramirez because the petitioners in Ramirez never went back to state court at all to present their claims. And we did that here. And we complied with Williams because we sought an evidentiary hearing in the state court. And just because the state court didn't accept our claims doesn't mean that we didn't try and present them. All right. Thank you very much, counsel. I know you wanted to save a couple of minutes. I'll give it back to you, Your Honor. Thank you, Your Honor. May it please the court, Adam Woodrum for respondent appellees. I was told I didn't listen. Good morning. Good morning. So what I would like to address this morning is something you've already been discussing, which is Mr. McLaughlin's failure to present his expanded federal records in a fair, proper way to the Nevada State Court. Could I ask you, in Nevada, he couldn't have raised this claim on direct appeal? That is correct, Your Honor. And didn't the Supreme Court say that that was an exception to the rule? And Justice Thomas said, and Martinez, this court recognized a narrow exception to the rule that attorney error cannot establish cause to excuse a procedural default unless it violates the Constitution. And then here is what I wanted to ask you about. There the court held that ineffective assistance of state post-conviction counsel may constitute cause to forgive a procedural default of a child ineffective assistance claim, but only if the state requires prisoners to raise such claims for the first time during collateral proceedings. So in this particular case, the first time that he could have raised it was what everybody is referring to as the first state habeas corpus. Yes, Your Honor, that's absolutely correct. And in effect, that makes sense because he has to be given the right to an appeal from a judgment of conviction, I assume. And therefore, if the state Supreme Court won't give it to him, then he is forced by state law to bring a state habeas petition, which he did. And the argument is that that state, the lawyer in the first state habeas, what we were calling as the first state habeas, was not competent. And I assume he could have raised that. And now he's saying, well, the lawyer in that first state habeas was incompetent as well. And that's what he's saying in the second. Yes, Your Honor, all of that is absolutely correct. The Nevada does require those post-conviction matters, the competency of counsel, strictly issues to be raised on first post-conviction, which is why, and I don't even dispute, that the Martinez exception applies as long as that claim is a substantial claim. Now, whether or not a claim is substantial is a relatively low bar. And I think we're well past that point in this case that we had a substantial ineffective assistance of trial counsel claim. The Ninth Circuit sent it back once already. Respondents did not appeal. So I have no bone to pick with the idea that the claim was properly before the court. Now, what we learn in Shin v. Ramirez, however, is that E2 still applies and comity still applies. And the equitable rule in Martinez does not subsume the statutory rule of E2, which significantly limits petitioner's right to develop evidence in federal court. So I have no issue that the claim is before the court. My issue is with the factual development and the failure to develop the facts in state court and the failure to give the state court the first shot at those facts. And that failure was the second habeas, or the first. I'm just trying to—in our own opinion, we didn't mention this business about whether he could have even— that Nevada had a rule that precluded him from raising this issue on direct appeal. Well, yes, Your Honor, there was very little explanation for the proper factual development in the first opinion of this court. My argument about the failure to develop is the second state petition. And as I believe Judge Collins pointed out in his questioning to counsel, the failure is a procedural failure. And once you get that procedural failure, then you get Michael Williams v. Taylor kicks in. And under Shin, I mean, the Supreme Court held in Shin, squarely, that the ineffective assistance of counsel in the first state post-conviction proceeding is attributable to the petitioner as fault-triggering E2. Is that correct? That's correct, Your Honor. I'm frankly not— There's no parallel incorporation of a Martinez-type gloss onto the E2 standard. The E2 standard is a failure, and if there's a failure, then we go to one of the substantive standards. But the failure is—if there's ineffective assistance at the first, that's a failure-triggering E2, and there's no sort of Martinez grace exception to it. You're absolutely correct, and Shin does discuss in great detail the case law that says that failure is failure to present in a procedurally proper manner. Now, the issue in Shin where it's not maybe necessarily just positive, just in candor to the court, is that there was almost like an admission in that case that there was a failure to present this evidence in a procedurally proper manner. I don't think that that became an issue in Shin. But it goes back to Michael Williams v. Taylor in 2000. This is well-established law, and it's well-established law that this court has also applied in the past in a couple of cases, one of which we cited in our brief, which is Cook v. Kiernan. It says that he, at the very minimum, would have to seek an evidentiary hearing in state court in the manner prescribed by straight state law. There was a failure to do that here because Nevada has mandatory procedural bars. There's no—the district court where this case is presented the first time, your petition is filed in district court. The district trial court has no discretion not to apply mandatory procedural bars in the absence of some exception. And what we're calling the first habeas, he could have raised this. He did. He raised this claim in his first habeas. He was afforded an evidentiary hearing, and he was given counsel to do that. And the failure of that counsel, the alleged incompetence of that counsel, is the reason he has a Martinez claim at all. But the Martinez claim is an equitable—is an act of equity by the district court, by the federal court, to give him a right to raise what would otherwise be a claim he has no right to because, like I think at the very beginning of your questioning, Coleman foreclosed the ineffective assistance of post-conviction counsel some time ago. Martinez is an equitable exception to that. But that doesn't mean now after Shin that he gets to develop the actual record. And I think Judge Collins is correct also that Mr. McLaughlin's reading of E2 would just—well, I'm sorry, reading of Shin would eviscerate E2. There would be nothing to stop federal petitioners from filing a state petition, sticking 3,000 pages of exhibits on it, and say, look, I fairly presented this. This is exhausted. Now here are my new facts. So I just want to understand. He had the right under Nevada law in order to raise this claim to this what we're calling the first petition. He did have a right and he did raise the claim. But not effectively according to the petition. Correct. He had the right to raise this claim. And what's honestly kind of unique about this case is not only did he have the right to raise this claim in his first petition, he did raise the claim in his first petition. He raised the claim that trial counsel was ineffective for failing to raise and investigate a voluntary intoxication defense to the specific attempt crime of attempt murder. He raised that claim. He was afforded an evidentiary hearing. He was afforded counsel, Mr. Hart. Mr. Hart called two witnesses, trial counsel and Mr. McLaughlin. That failure, the extendence of failure, is imputed to Mr. McLaughlin. So he had counsel. Counsel failed in some way. And Mr. McLaughlin, unfortunately, has to bear the brunt of that. We know that. We knew that in Williams. We especially know that now that she has come out and clarified hearings, evidentiary hearings, and federal court on these Martinez issues. I would like, I just have a minute left. I would like briefly to discuss just the evidence of kind of what I call the evidence of his lucid thoughts. This was a man, Mr. McLaughlin, who had very recently, the day before, the week before, his brother had kicked him out. His mom rejected him at the door. He goes back to social services where he's hopeful they can help him get some housing. He sits there for a couple of hours. He is not helped. He doesn't have an appointment. But he's able to fill out the forms. He waits patiently for one or two hours. He excuses himself to the restroom. Then he comes back and he stabs the receptionist, after which he gets into sort of a protracted fight with the security guard. His knife breaks, and he rearms himself and continues to stab people in vital areas, including neck and torso. And he says something to the effect that, you people think you can do anything, and I'm going to show you that you can't. So there was, as the Supreme Court found, as the Nevada Supreme Court found, there was overwhelming evidence of guilt. And now we've got a limited record on which this case can determine the Nova review, and I'd ask that you uphold the district court. Thank you. Thank you, Counsel. Is that okay? Thank you, Your Honors. I would like to note that this court has previously held in Rose v. Hedgepeth that going back for a second state petition that is eventually barred is enough. This court said in Rose that the Ramirez decision does not foreclose consideration of evidence that was developed in federal district court because the petitioner did not fail to develop the factual basis of that claim in state court. The factual basis in Rose is very similar to the one here. He went back to state court for a second time, and this court allowed it and held that this court's prior panel explicitly determined that on these facts there was not a lack of diligence in state court proceedings. So, again, the Supreme Court's concern was that we don't skip over the state court, that we give the state court a chance to hear this evidence. And we did that here. There are several district courts in this district that have found the same thing, or in Mothers Head v. Wilford, which is from the Western District of Washington in 2022. That was not in my briefing because it's newer, but I can provide the court with that if you would like in the 20HA. It's C21-5186. Outside of this district, the Northern District of Ohio in Cunningham v. Shoup, they all found that going back that second time to present the claims in state court was enough. And in Cunningham v. Shoup, they applied the law of the case because the appellate court had held that the petitioner was diligent. And that's the law of the case in this case. And this is a court that believes in strict adherence to the law of the case doctrine. Again, Ramirez applies to those claims that are subject to E2 where a petitioner is at fault for an undeveloped state court record, but we vote back. Thank you, Your Honors. Thank you very much for your argument on both sides. Very helpful today. The matter is submitted for decision by the court.
judges: NGUYEN, COLLINS, Korman